**DLD-028**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3835
_____

WILLIAM REIHNER;
JENNIFER REIHNER;
*CAMERON REIHNER;

Appellants

v.

COUNTY OF WASHINGTON, Pennsylvania;
DISTRICT ATTORNEY WASHINGTON COUNTY;
ASSISTANT DISTRICT ATTORNEY
WASHINGTON COUNTY MICHAEL FAGELLA;
WASHINGTON COUNTY COMMON PLEAS JUDGE JOHN F. DISALLE;
ATTORNEY PETER V. MARCOLINE, JR., Blackwell and Associates

*(Dismissed pursuant to Clerk's Order dated 5/5/16)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:15-cv-00143)
District Judge:  Honorable Cathy Bissoon
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: December 5, 2016)

OPINION[*]

PER CURIAM

William and Jennifer Reihner ("the Reihners") sued the defendants under 42 U.S.C. § 1983, alleging that their son's constitutional rights were violated in the course of a criminal investigation.[1]  In relation to their own injury, they stated only that they "have suffered financially, which has led to emotional distress, martial [sic] problems, health issues, sleep deprivation, and depression . . . ."  Complaint ¶ 29.  On the defendants' motions, the District Court dismissed the complaint with prejudice.  The Reihners appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the order dismissing the complaint is plenary.  See McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009).  We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  Upon review, we will summarily affirm because no substantial issue is raised on appeal.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] They sought to bring the action also on their son's behalf, but because they are non-lawyers who could not represent their son in the action, see Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991), the District Court dismissed the complaint as to their son, Cameron Reihner.  We previously dismissed Cameron Reihner from this appeal.

Simply put, the Reihners did not allege a constitutional violation against them. To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). They alleged only financial suffering and attendant difficulties because of purported violations to their son's constitutional rights. Accordingly, they did not state a claim.

Furthermore, to the extent that the Reihners sought recovery for themselves on the basis of any purported injury to their son, they did not have standing to bring the claims. Generally, "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). Where the Reihners rested any claim to relief on the rights or interests of their son, the District Court lacked jurisdiction to entertain the matter. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 & n.1 (1992).

Lastly, we conclude that the District Court did not abuse its discretion in declining to allow amendment of the complaint on the basis of futility. Not only did the Reihners fail to present any suggestion that they had their own claims against the defendants, but they also sued defendants against whom claims under § 1983 could not proceed. As the District Court explained, some defendants were immune from suit, see, e.g., Stump v. Sparkman, 435 U.S. 349, 362 (1978); Burns v. Reed, 500 U.S. 478, 490-92 (1991), and one was not a state actor subject to suit.

3

For these reasons, we will affirm the District Court's judgment with one modification. To the extent that the Reihners rested their own claims for relief on purported violations of their son's rights, we modify the judgment to dismiss those claims for lack of jurisdiction.